# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| ANTONIO TAVARIS BROWN, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. CV415-199 |
| ) | CR412-278 |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Antonio Tavaris Brown moves for 28 U.S.C. § 2255 relief, seeking a sentence reduction from 180 to 51 months. Doc. 62 at 1, 12.[1]

## I. BACKGROUND

Brown pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(e). Doc. 47 at 1; *see also* doc. 54 at 20-21. This Court's December 14, 2013 judgment makes no mention of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), but the sentencing judge applied it during sentencing: "[T]he Court concurs with the findings in the presentence report, including the

---

[1] All citations are to the CR412-278 criminal docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

addendum, and determines that the applicable advisory guidelines are: a total offense level of 30, criminal history category [VI]; 180-to-210 months of 15 imprisonment. . . ." Doc. 55 at 6; *see also* Presentence Investigation Report (PSI) at 4 (noting § 922(g) conviction, plus three violent felony priors -- "two convictions for felony eluding and one for obstruction with violence"). The judge then imposed the low end of that range, 180 months. *Id.* at 23 ("[A] lot of the underlying offenses that qualify for the armed career criminal mandatory minimum make that penalty too high[,] in my judgment. But I have to apply the law. I can't just go off flying on my own and say, well, I don't agree with the law so I'm going to do something different.").

In his only § 2255 claim raised here,[1] Brown argues that *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), applies to his case. Because this Court sentenced him under ACCA's "residual clause" -- which *Johnson* invalidated on vagueness grounds -- he insists he is entitled to re-sentencing "to a term of imprisonment not exceeding 120 months by statute, and a term of imprisonment not exceeding 51 months by [application of the U.S. Sentencing Guidelines]." Doc 62 at 4.

---

[1] Brown appealed, doc. 45, and it was finalized on September 8, 2014, doc. 60, so his July 10, 2015-filed §2255 motion is timely. *See* 28 U.S.C. § 2255(f)(1).

## II. ANALYSIS

Under the ACCA, a felon convicted of possessing a firearm in violation of 18 U.S.C. § 922(g) who has "three prior convictions . . . for a violent felony or a serious drug offense, or both," 18 U.S.C. § 924(e)(1), faces enhanced penalties. Plain vanilla felon-in-possession convictions face a maximum 120-month sentence, *see* 18 U.S.C. § 922(a)(2), while ACCA-enhanced convictions fetch a 15-year (180-month) minimum and a maximum of life. 18 U.S.C. § 924(e)(1).

An ACCA "violent felony" is

> any crime punishable by imprisonment for a term exceeding one year . . . that --
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.* . . .

18 U.S.C. § 924(e)(2)(B) (emphasis added). *Johnson* invalidated what's known as the statute's "residual clause" (italicized above). *Johnson*, 135 S. Ct. at 2560 ("Invoking so shapeless a provision to condemn someone to prison for 15 years to life" violates the Fifth Amendment's prohibition on vague criminal laws); *McClouden v. United States*, 2016 WL 775831 at *

3

6 (S.D. Ga. Feb. 25, 2016).² But it did not call into question enhancements predicated on convictions under the ACCA's first two clauses, the "elements" and "enumerated" clauses.³ *Johnson*, 135 S.Ct. at 2563.

After *Johnson*, then, no federal defendant can receive more than ten years if at least one of his ACCA-predicate convictions are counted only under the residual clause. But enhancements based on non-residual clause offenses remain valid. *See United States v. Tinker*, 618 F. App'x 635, 637 (11th Cir. 2015) (convictions that qualify as violent felonies under the "elements" clause of the ACCA rather than the "residual" clause survive *Johnson*); *McClouden*, 2016 WL 775831 at * 7 ("Burglary is a specifically enumerated offense pursuant to Section 924(e)(2)(B)(ii)

---

² Others have since argued that if the ACCA residual clause is unconstitutionally vague, then so is the identical language in the U.S. Sentencing Guidelines, under which many have had their sentences enhanced. But the Eleventh Circuit has rejected that argument: "The vagueness doctrine, which 'rest[s] on [a] lack of notice,' does not apply to [the] advisory [sentencing] guidelines." *United States v. Matchett*, 802 F.3d 1185, 1194 (11th Cir. 2015). "Because there is no constitutional right to sentencing guidelines -- or, more generally, to a less discretionary application of sentences than that permitted prior to the Guidelines -- the limitations the Guidelines place on a judge's discretion cannot violate a defendant's right to due process by reason of being vague." *Id.* at 1194-95 (quoting *United States v. Wivell*, 893 F.2d 156, 160 (8th Cir. 1990)). Brown was sentenced under the ACCA, not the Guidelines.

³ *See United States v. Barker*, 2016 WL 861118 at * 2 (11th Cir. Mar. 7, 2016); *United States v. Lockett*, 810 F.3d 1262, 1265 (11th Cir. 2016).

4

and thus, does not fall within the scope of that Section's residual clause").[4]

The question that immediately surfaces in this case, then, is whether Brown was improperly sentenced under the residual clause. The PSI noted only his three prior felonies: "two convictions for felony eluding and one for obstruction with violence." PSI at 4 ¶ 17. Brown impliedly argues[5] that they were classified under the residual clause when he contends that, under *Johnson*, his

> prior predicate convictions for fleeing and eluding no longer qualify as "violent felonies" under the [ACCA.] [H]ence, [he] is actually and factually innocent of violating the 18 U.S.C. § 924(e) statute, and is entitled to be re-sentenced to a term of imprisonment not exceeding 120 months by statute, and a term of imprisonment not exceeding 51 months by [application of the U.S. Sentencing Guidelines].

Doc 62 at 4 (Brown's § 2255 brief); *see also* doc. 63 at 6-7.

The problem, however, is that neither the sentencing judge nor the PSI specify which of the ACCA's three clauses supported Brown's ACCA enhancement. A somewhat similar situation arose in *McCarthan*, 811 F.3d at 1243 ("In imposing sentence, the district judge, like the [PSI], did

---

[4] Still, this area can get pretty complicated. *See McCarthan v. Warden, FCI Estill*, 811 F.3d 1237 (11th Cir. 2016); *Lockett*, 810 F.3d 1262.

[5] *Pro se* movants are entitled to have their filings construed liberally. *United States v. Frank*, 414 F. App'x 252, 254 (11th Cir. 2011).

not expressly identify which of McCarthan's prior convictions qualified as predicate offenses for purposes of the ACCA enhancement.").[6] The *McCarthan* panel thus performed a reverse-engineering analysis of McCarthan's ACCA-enhanced sentence to discern the answer. *Id.* at 1254-1257.[7]

But an overarching question also arises: Does *Johnson* even apply to cases on collateral review? That question is now before the Supreme

---

[6] That court reminded:

> In general, both the [PSI] and the sentencing court should specifically identify which of a defendant's prior convictions qualify a defendant for an enhanced ACCA sentence. Title 18, United States Code, Section 3553(c) requires a sentencing court to "state in open court the reasons for its imposition of the particular sentence." Under this provision, a defendant is entitled to know the specific convictions on which an ACCA enhancement is recommended and imposed. To hold otherwise would raise serious due-process concerns. *Cf. Oyler v. Boles*, 368 U.S. 448, 452, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962) ("[A] defendant must receive reasonable notice and an opportunity to be heard relative to [a] recidivist charge even if due process does not require that notice be given prior to the trial on the substantive offense."); *United States v. Moore*, 208 F.3d 411, 414 (2d Cir.2000) ("It is settled that due process requires that a defendant have notice and an opportunity to contest the validity or applicability of the prior convictions upon which a statutory sentencing enhancement is based.").

*McCarthan*, 811 F.3d at 1253; *see also id.* at 1253-54 (McCarthan forfeited any objection to the sentencing court's failure to identify the specific convictions supporting his ACCA enhancement because at sentencing he had failed to object to the sentencing court's adoption of a PSI that had failed to identify the ACCA predicate convictions, and to the court's failure to identify specific prior convictions in support of its imposition of an ACCA enhancement).

[7] This is something that can be avoided if the Probation Office specifies the precise ACCA clause on which it bases its sentencing recommendations, and district judges do likewise at sentencings *and* in written judgments.

6

Court in *Welch v. United States*, ___ U.S. ___, 136 S.Ct. 790 (2016) (granting certiorari to decide "[w]hether *Johnson v. United States*, ___ U.S. ___ 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), announced a new substantive rule of constitutional law that applies retroactively to cases that are on collateral review."); *see also Welch v. United States*, 2016 WL 537626 (Petitioner's Feb. 9, 2016 Brief); *In re Johnson*, ___ F. 3d ___, 2016 WL 762095 at * 6 (11th Cir. Feb. 26, 2016) (holding an application for leave to file a successive § 2255 motion "in abeyance, pending the Supreme Court's decision in *Welch*."), *vacated for reh'g en banc*, ___ F.3d ___, 2016 WL 919483 (11th Cir. Mar. 10, 2016). The Eleventh Circuit has since held "that *Johnson* applies retroactively on collateral review to prisoners seeking habeas relief for the first time." *Mays v. United States*, ___ F.3d ___, 2016 WL 1211420 at *6 (11th Cir. Mar. 29, 2016). This is Brown's first § 2255 motion.

The Court directed the Government to respond, *Brown v. United States*, 2016 WL 1070841 at * 3 (S.D. Ga. Mar. 16, 2016), and it agrees with Brown: His "motion should be granted, and he should be resentenced without the enhanced penalties of the [ACCA]." Doc. 65 at 1. The Government explains that at least one of Brown's ACCA

7

predicates -- his July, 2011 conviction for fleeing and eluding in violation of O.C.G.A. § 40-6-395(b)(5)(A)[8] -- qualified as a "violent felony," but only under ACCA's now invalid "residual clause." *Id.* at 3. And Brown was charged with that felony only because he exceeded the speed limit when fleeing arrest. *Id.* at 4. That conviction thus lacked the use-of-physical-force element that § 924(e)(2)(B)(ii) required. Hence, it could only qualify as an enhancing felony under the § 924(e)(2)(B)(ii) "residual clause" that was invalidated by *Johnson*. *Id.* at 3-4.

Consequently, the Government concludes, only two qualifying convictions now support Brown's ACCA enhancement. His sentence enhancement therefore is invalid, so he must be resentenced without the ACCA enhancement. *Id.* at 5. The Court agrees with that assessment. *See United States v. Adams,* 2016 WL 125271 at * 1 (11th Cir. Jan. 12, 2016) ("[T]he government concedes that after *Johnson*, Adams's convictions for fleeing or attempting to elude, under Fla. Stat. § 316.1935, are no longer ACCA-qualifying offenses and cannot form the basis for a sentencing enhancement under the ACCA. We agree.").

---

[8] "Pursuant to OCGA § 40–6–395(a): 'It shall be unlawful for any driver of a vehicle willfully to fail or refuse to bring his or her vehicle to a stop or otherwise to flee or attempt to elude a pursuing police vehicle or police officer when given a visual or audible signal to bring the vehicle to a stop. . . .'" *Neely v. State*, 296 Ga. 422, 424 (2015).

8

## III. CONCLUSION

Antonio Tavaris Brown's 28 U.S.C. § 2255 motion should be **GRANTED**. Doc. 62. Because there is no dispute in this case, the Clerk is **DIRECTED** to immediately forward this Report and Recommendation to the district judge.

**SO REPORTED AND RECOMMENDED,** this __6th__ day of April, 2016.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA